UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHANGGUANG LIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHER EMPLOYEES SIMILARLY SITUATED,

                              Plaintiff,

- against -

TAIWANESE CUISINE INC. d/b/a "Taiwanese Gourmet", VIVIAN CHEN and XUEZHANG CHEN

                             Defendants.

Case No.

**COLLECTIVE ACTION COMPLAINT**

---

Plaintiff SHANGGUANG LIN ("Lin") on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants TAIWANESE CUISINE INC. d/b/a "Taiwanese Gourmet", VIVIAN CHEN and XUEZHANG CHEN (collectively "Defendants"), alleges and shows the Court the following:

## INTRODUCTION

1. This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, compensation for all hours worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4. Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) unpaid "spread of hours" premium for each day they worked ten (10) or more hours, (3) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL, (4) liquidated damages equal to the sum of unpaid "spread of hours" premium, unpaid overtime pursuant to the NY Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7. Plaintiff Lin is a resident of Queens and was employed as a cook by Taiwanese Cuisine Inc. located at 84-02 Broadway, Elmhurst, NY 11373, from November 1, 2018 until April 28, 2019.

**DEFENDANTS**

8. Upon information and belief, Defendant, Taiwanese Cuisine Inc. d/b/a "Taiwanese Gourmet" owns and operates a restaurant located at 84-02 Broadway, Elmhurst, NY 11373.

9. Upon information and belief, Defendant, Taiwanese Cuisine Inc. d/b/a "Taiwanese Gourmet" had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Taiwanese Cuisine Inc. purchased and handled goods moved in interstate commerce.

10. Upon information and belief, Defendant Vivian Chen is the owner, officer, director and/or managing agent of Taiwanese Cuisine Inc. at 84-02 Broadway, Elmhurst, NY 11373 and participated in the day-to-day operations of Taiwanese Gourmet and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Taiwanese Cuisine Inc.

11. Upon information and belief, Defendant Vivian Chen determined the wages and compensation of the employees of Defendants, including Shangguang Lin, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

12. Upon information and belief, Defendant Xuezhang Chen is the owner, officer, director and/or managing agent of Taiwanese Cuisine Inc. at 84-02 Broadway, Elmhurst, NY 11373 and participated in the day-to-day operations of Taiwanese Gourmet and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Taiwanese Cuisine Inc.

13. Upon information and belief, Defendant Xuezhang Chen determined the wages and compensation of the employees of Defendants, including Shangguang Lin, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

14. At all times relevant herein, Taiwanese Cuisine Inc. was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

15. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation and spread-of-hour premiums, failed to provide him a wage notice at the time of hiring and failed to provide him wage statement with each pay in violation of the NYLL.

16. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

17. Defendants committed the following alleged acts knowingly, intentionally and willfully.

18. Defendants knew that the nonpayment of overtime pay, spread of hours pay, failure to provide the required wage notice at the time of hiring and failure to provide a correct wage statement with every payment of wages would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

19. From November 1, 2018 until April 28, 2019, Plaintiff Lin was hired by Defendants to work as a cook for Defendants' restaurant located at 84-02 Broadway, Elmhurst, NY 11373.

20. From November 1, 2018 to April 28, 2019, he worked six (6) day per week with Friday off. On Monday, Tuesday, Wednesday, Thursday, Saturday and Sunday, he worked from

10:45 am to 9:45 pm without a break. Therefore, Plaintiff Lin worked sixty-six (66) hours in total per week.

21. During this period, Plaintiff Lin was paid a flat rate of $3,500 per month in cash only. He was paid twice a month, with $1,750 cash on the 15th of each month and another $1,750 cash on the last day of each month, regardless the number of hours he actually worked each week.

22. At no point during Plaintiff Lin's employment with the Defendants, was he ever required to utilize any means of recording or verifying his hours worked (e.g. punch clock, sign-in sheet, fingerprint or ID scanner).

23. Defendants did not compensate Plaintiff for overtime compensation according to state and federal laws.

24. Plaintiff was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours, one day each week.

25. Defendants did not provide Plaintiff with wage notices in Plaintiff's primary language at the time of their hiring.

26. Defendants did not provide Plaintiff with wage statement with Plaintiff's each pay.

27. Defendants committed the following alleged acts knowingly, intentionally and willfully.

28. Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiff by their violation of federal and state laws.

29. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

30. Plaintiff's workdays frequently lasted longer than 10 hours.

31. Defendants did not pay Plaintiff's New York's "spread of hours" premium for every day in which they worked over 10 hours.

32. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

33. Defendants did not provide Plaintiff with written notices in Plaintiff's primary language about the terms and conditions of his employment upon hire in relation to his rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff's pay increase(s).

34. Defendants committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

35. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

36. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

37. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive spread-of-hours pay, overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common

decision, policy, plan to not provide required wage notices at the time of hiring, and failed to keep full and accurate records of Plaintiff's hours and wages, in contravention to federal and state labor laws.

38.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than twenty (20) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

39.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

40.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

41.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore,

inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

42. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

d. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

e. Whether the Defendants failed to keep full and accurate records of Plaintiff's hours and wages as required by the NYLL;

f. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

43. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF CLAIM

### COUNT I
[Violations of the Fair Labor Standards Act—Overtime Wage
Brought on behalf of the Plaintiff and the FLSA Collective]

44. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

45. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

46. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

47. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

48. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff

and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

49. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

50. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

51. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—Overtime Pay
### Brought on behalf of Plaintiff]

52. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

53. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

54. Defendants' failure to pay Plaintiff and his overtime pay violated the NYLL.

55. Defendants' failure to pay Plaintiff was not in good faith.

## COUNT III
### [Violation of New York Labor Law—Spread of Time Pay Brought on behalf of Plaintiff]

56. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

57. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

58. Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

## COUNT IV
### [Violation of New York Labor Law—Failure to Provide Wage Notice at the Time of Hiring]

59. Plaintiff on behalf of himself and all other similarly situated Collective Action Members repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

60. The Defendants failed to furnish to the Plaintiff at the time of hiring a notice in Plaintiff's primary language containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

61. Due to the Defendants' violation of the NYLL, § 195(1), the Plaintiff is entitled to recover from the Defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $5,000.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL, § 198(1-b).

### COUNT V
**[Violation of New York Labor Law—New York Pay Stub Requirement Brought on Behalf of Plaintiff]**

62. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

63. The Defendants failed to furnish with each wage payment a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL, § 195(3).

64. Due to the Defendants' violation of the NYLL, § 195(3), the Plaintiff is entitled to recover from the Defendants liquidated damages of $250.00 per workweek that the violation occurred, up to a maximum of $5,000.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL, § 198(1-d).

65. The Defendants' NYLL violations have caused the Plaintiff irreparable harm for which there is no adequate remedy at law.

### **Prayer For Relief**

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA collective plaintiffs,

respectfully request that this court enter a judgment providing the following relief:

a)  Authorizing plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)  Certification of this case as a collective action pursuant to FLSA;

c)  Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d)  A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)   An injunction against Taiwanese Cuisine Inc., its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)  Award Plaintiff unpaid wages and unpaid overtime due under the FLSA and the New York Labor Law.

g)  An award of unpaid "spread of hours" premium due under the New York Labor Law;

h)   An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

i)  An award of damages for Defendants' failure to provide wage statements with each

13

pay as required under the New York Labor Law.

j) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages and overtime compensation pursuant to 29 U.S.C. §216;

k) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay wages, overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

l) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m) The cost and disbursements of this action;

n) An award of prejudgment and post-judgment fees;

o) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated:  Flushing, New York, May 28, 2019    HANG & ASSOCIATES, PLLC.

　　　　　　　　　　　　　　　　　　　　　　 /S JIAJING FAN
　　　　　　　　　　　　　　　　　　　　　　Jiajing Fan, Esq.
　　　　　　　　　　　　　　　　　　　　　　136-20 38th Ave., Suite 10G
　　　　　　　　　　　　　　　　　　　　　　Flushing, New York 11354
　　　　　　　　　　　　　　　　　　　　　　Tel: 718.353.8588
　　　　　　　　　　　　　　　　　　　　　　jfan@hanglaw.com
　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

# EXHIBIT 1

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

  I am an employee currently or formerly employed by TAIWANESE CUISINE INC d/b/a TAIWANESE GOURMET and Vivian Chen, Xue Zhang Chen and/or related entities and individuals. I consent to be a plaintiff in an action to collect unpaid overtime and minimum wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

SHANG GUANG LIN
Full Legal Name (Print)

[signature]
Signature

5/7/19
Date

17